UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-80197-CV-MIDDLEBROOKS

BENJAMIN WILLIAMS,

    Plaintiff,

v.

TRUTH SOCIAL MEDIA, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on February 11, 2025. (DE 1). Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 ("IFP Application"). (DE 3). Upon screening this Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and is frivolous in nature. Accordingly, Plaintiff's Complaint is dismissed without prejudice.

**I.**    **28 U.S.C. § 1915(e)(2) Screening**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b).

While a court must construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys, *see id.* (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)), the court must dismiss a complaint if it is frivolous, malicious, or if it "fails to state a claim upon which relief may be granted." *Hughes*, 350 F.3d at 1159 (quoting 28 U.S.C. § 1915(e)(2)).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint need not contain detailed factual allegations. *See* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff initiated this action seeking $500 million in damages from Defendants for violations of Title VII (employment discrimination) of the Civil Rights Act of 1964 (42 U.S.C. §2000e), 42 U.S.C. § 1981 which grants all persons the right to make and enforce contracts regardless of race, and the Equal Protection Clause of the Fourteenth Amendment. The Defendants appear to be President Donald Trump, Truth Social Media, and Trump Media & Technology Group Corp.[1] (DE 1). Plaintiff identifies President Trump as an agent of the executive branch and does not identify which of the other two defendants, either Truth Social Media or Trump Media &

---

[1] Although Plaintiff includes Truth Social Media in his Complaint's heading, he does not further mention this entity in his allegations.

Technology Group Corp. as being the other defendant "corporation…incorporated in Sarasota, FL." (*Id.*).

Plaintiff alleges that President Trump was sworn to uphold the constitution of the United States and that his "businesses must be held to a greater account of protecting the rights of all citizens no matter what the race, religion, gender, sexual orientation or political affiliation are." (*Id.*). He states that it would be a miscarriage of justice to allow this defendant to act with impunity and without regard to the law. Plaintiff alludes to actions of President Trump as causing violations of his civil rights but does not allege what actions these may be. Instead, Plaintiff seems to allege that Donald Trump's "media company" has allowed for the degradation of "black man, black woman, and Jewish people" since November 5, 2024. (DE 1 at 2). Plaintiff alleges that he has suffered from mental anguish for being slandered, racially degraded, racially profiled, and suffered damages to his reputation as a result.

Although Plaintiff titles his actions as being based on federal anti-discriminatory employment statutes, his claims sound under a defamation theory or an Equal Protection theory. To state a claim for defamation under Florida law, a plaintiff must plead publication, falsity, an actor who acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person, actual damages, and the statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). As I have presented the entirety of Plaintiff's allegations above, there are no facts alleged to meet these elements, even when construing the Complaint liberally and reading it in the light most favorable to Plaintiff.

If Plaintiff's allegations are read to allege an Equal Protection Claim, his claims also fail. An equal protection claim must allege that the plaintiff is a member of an identifiable group, was

subjected to differential treatment from others similarly situated, and the difference in treatment was based on his or her membership in that group. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). Plaintiff does not allege that he is a part of a protected class of people. He simply alleges that he has suffered anguish and that the "media company has allowed with impunity the degradation of the black man, black woman and Jewish people[.]" (DE 1 at 2). It is unclear from the current allegations whether Plaintiff is a member of a protected class, or what allegations currently stand that a state actor has violated his rights to equal protection of the law.

Additionally, it is unclear whether the Equal Protection Clause would apply to this suit because the clause provides that "[n]o *State* shall ... deny to any person within its jurisdiction the equal protection of laws." U.S. Const. amend. XIV, § 1 (emphasis added). "The central mandate of the equal protection guarantee is that '[t]he *sovereign* may not draw distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objective." *Lofton v. Sec'y of Dept. of Children and Family Svcs.*, 377 F.3d 1275, 1277 (11th Cir.2004) (emphasis added). Although "[i]t is commonplace that rights under the Equal Protection Clause itself arise only where there has been involvement of the State or one acting under the color of its authority," *U.S. v. Guest*, 383 U.S. 745, 755 (1966), Plaintiff alleges no facts here that show how Defendants subjected him to differential treatment. It is also firmly established that "private conduct abridging individual rights does no violence to the Equal Protection Clause unless to some significant extent the State in any of its manifestations has been found to have become involved in it." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961). Even construed liberally and read in the light most favorable to Plaintiff, the allegations in the Complaint fail to state a claim upon which relief may be granted under any discernible theory.

Although ordinarily, a Court would grant a pro se litigant at least one opportunity to amend his complaint before dismissal, the Court finds that an amendment would be futile in this case because the Complaints is frivolous and does not even approximate an actionable claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint).

Accordingly, it is hereby **ORDERED and ADJUDGED** that

(1)   Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE.**

(2)   Plaintiff's IFP Application (DE 3) is **DENIED AS MOOT**.

(3)   All pending motions are **DENIED as MOOT**.

(4)   The Clerk of Court shall **CLOSE THIS CASE.**

**SIGNED** in Chambers, at West Palm Beach, Florida this 21 day of February, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Benjamin Williams
1343 W. Washburne Ave.
Chicago, IL 60608
Bw.campaign2018@gmail.com
Pro se